PATRICIA K. VALANDO *v.* THOMAS F. VALANDO

SUPERIOR COURT — FAIRFIELD COUNTY — FILE No. 2926
AT STAMFORD

Memorandum filed June 9, 1967

*Gruber & Turkel* and *Cummings & Lockwood,* of Stamford, for the plaintiff.

*Wofsey, Rosen, Kweskin & Kuriansky,* of Stamford, for the defendant.

SIDOR, J. In this case a decree of divorce was entered by the court on May 12, 1961. It provided that the plaintiff shall have sole custody, control and supervision of the minor child, Patricia Fron Valando, subject to some visitation rights by the defendant. The decree provided, inter alia, that the defendant pay support for the child, for her education and for medical expenses.

Subsequently, on June 10, 1966, a motion for modification as to support payments was filed.

Since that time three different counsel have appeared for the defendant. On October 27, 1966, a motion for contempt was filed in court. On December 14, 1966, defendant by his latest counsel has filed a motion for modification of his visitation rights. Other motions for production and objection to the same followed. Parties have also filed financial affidavits in accordance with the rules. Conferences with the domestic relations officer have been had without success. Finally, the matter came before this court for a hearing. In dispute were bills owing to a psychiatrist who treated the child. In addition, the financial needs of the child were at issue.

An agreement was reached on the support of the child, which has been set at $650 per month. Defendant has agreed to pay the bills for the psychiatrist. The visitation rights were modified, permitting the defendant to return the child to the custody of the plaintiff on Monday mornings. It is assumed that these agreements, made on April 14, 1967, are in force and being carried out.

Plaintiff has moved and is seeking an order for counsel fees for the above proceedings. It is clear that almost a year has passed since the filing of the original motion for modification of the order of support. Defendant opposes the motion for counsel fees. Briefs were ordered and have been filed by the parties.

It should be noted at the outset that the care, custody and education of children as an incident of a divorce action are covered by statute. General Statutes §§ 46-23, 46-26. It is conceded by the defendant, as he must concede in view of the statutes, that the court has the power to vary the support order. It should be noted that the legislature also empowered the court to award reasonable

attorneys' fees in situations where contempt citations issue. While this is not controlling of the issue in the case at bar, it is presumed that the legislature is aware of court decisions such as *Krasnow* v. *Krasnow,* 140 Conn. 254, and it is fair to infer that it is enlarging the field of awards of counsel fees, perhaps as a result of such decisions as *Morgan* v. *Morgan,* 104 Conn. 412.

Section 46-26 provides that the parents of a minor child, after divorce, shall maintain such child according to their respective abilities. A review of the financial affidavits has resulted in the increase of the support order.

Counsel cannot be expected to devote the time and energy required between June of 1966 and April 14, 1967, to bring this matter to a conclusion without adequate recompense. Such a fee, if taken from the award of the minor, reduces it below what the court believes to be a necessary increment for the maintenance of the child. Under the decisions, it is clear that an additional award of counsel fees must be made against the defendant, having in mind the respective abilities of the parties.

Considering only the file, and the fair inferences resulting therefrom, including the changes of counsel, an award beyond a "nominally reasonable sum" suggested by defendant's counsel is in order.

An allowance of $2500 as counsel fees for the services rendered to the minor child is ordered.